UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| FORTY THOUSAND, FIVE HUNDRED | ) |
| AND SIXTY DOLLARS IN U.S. | ) |
| CURRENCY ($40,560.00), | ) |
| | ) |
| Defendant. | ) |

### VERIFIED COMPLAINT OF FORFEITURE

COMES NOW, Plaintiff, United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Lindsay McClure-Hartman, Assistant United States Attorneys, brings this verified complaint for forfeiture in a civil action *in rem* against the above listed defendant property, namely: forty thousand, five hundred and sixty dollars in U.S. currency ($40,560.00) (the "defendant currency"), and alleges as follows:

### Nature of the Action

1. This *in rem* civil action arises from an investigation by the Drug Enforcement Administration leading to the seizure of the defendant currency on or about January 10, 2018. As set forth below, the defendant currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6), and Title 18, United States Code, Sections 981(a)(1)(A) and (C).

### Jurisdiction and Venue

2. The Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.

3. Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri. Venue is also proper pursuant to Title 28, United States Code, Section 1395(b) because the defendant currency was seized in the Eastern District of Missouri.

## Statutory Framework

4. Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

5. Title 18, United States Code, Section 1956(a)(1)(A)(i) criminalizes conducting a transaction, including transferring, delivering, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, with the intent to promote the carrying on of the specified unlawful activity.

6. Title 18, United States Code, Section 1956(a)(1)(B) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

7. Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real

or personal, involved in a transaction or attempted transaction in violation of section 1956 of Title 18, or any property traceable to such property, is subject to civil forfeiture.

8. Title 18, United States Code, Section 1952 criminalizes traveling in interstate commerce with the intent to distribute the proceeds of any unlawful activity, including a business enterprise involving controlled substances, or otherwise promoting, managing, establishing, carry on, or facilitating the promotion, management, establishment, or carrying on, of such unlawful activity.

9. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952 is subject to civil forfeiture.

**Facts Giving Rise to the Forfeiture**

10. Dale Smith ("Smith") resides in Las Vegas, Nevada.

11. On or about January 10, 2018, St. Charles County Police officers deputized as task force officers with the Drug Enforcement Administration ("DEA") were conducting traffic enforcement with their certified narcotics trained canine partner.

12. At approximately 10:25 AM, the officers observed a 2018 Chevrolet Silverado traveling westbound on Interstate 70 in St. Charles County, Missouri, within the Eastern District of Missouri, and conducted a traffic stop of the vehicle for multiple traffic violations.

13. When the officer approached, he advised Smith of the reason for his stop and requested his driver's license. The officer noticed Smith's hand trembling as he provided him with several documents. The officer asked Smith what documents he was providing and Smith replied that he keeps everything ready for when he gets stopped.

14. The officer asked Smith if he would accompany him to his patrol car while he conducted a records check, and Smith agreed.

15. During a records check, officers located a law enforcement warning that Smith may be a threat to law enforcement. The warning advised that Smith was known to be armed, affiliated with anti-government organizations, and was suspected in previous narcotics trafficking. An additional records check revealed Smith was suspected of money laundering in previous incidents, and that Smith was arrested in December 2017 for trafficking over 25 lbs. of marijuana.

16. Officers deployed a trained drug detection canine for a "free air sniff" of the vehicle. The canine gave an affirmative response to the presence of a controlled substance.

17. During a search of the vehicle, officers located a large void inside the center console area of the vehicle. Within the void were multiple bundles of rubber-banded U.S. currency, a Glock firearm magazine, and a collapsible baton.

18. Officers also located a firearms storage locker attached to the trunk underneath the rear seats. The storage locker had two doors with separate combination locks. The door allowing access to the passenger side was unlocked. The unlocked door allowed access to the entire firearm locker. Officers located a zipper pouch that contained more rubber-banded bundles of U.S. currency, which were wrapped in plastic.

19. The U.S. currency found in Smith's car was mostly in smaller denominations of fifty, twenty, and ten dollar bills.

20. Officers then separately transported Smith and the vehicle to a towing location to perform a more complete search of the vehicle.

21. Smith was advised of his Miranda rights. Smith stated that he understood his rights and agreed to speak with officers. During the ride to the towing location, Smith stated that he had

borrowed the U.S. currency from a friend.

22. At the towing location, officers again searched the vehicle and discovered three cell phones, a computer tablet, ballistic armor, a baton, and a security badge which were located within the vehicle. A Glock 9mm handgun, with a live round of ammunition in the chamber, was discovered between the driver seat and center console of the vehicle.

23. DEA Agents responded to assist with the investigation. Smith agreed to speak with the Agents. He was presented with an "Advise of Rights" form which he read, advised he understood, and signed.

24. Investigators interviewed Smith about the purpose of his travel and the items located inside the vehicle. Smith stated that he was in Maryland visiting some military friends before returning to Las Vegas, Nevada. Smith stated that he drove to Maryland to borrow the defendant currency from a friend because he was unemployed and awaiting a disability settlement. Smith stated that the friend from whom he borrowed the money resides in Maryland and supplied investigators with a phone number. Attempts to contact Smith's friend at the phone number provided were met with negative results.

25. Smith provided documents to officers showing that the 2018 Chevrolet Silverado was purchased in cash in November 2017.

26. The total amount of U.S. currency found inside the vehicle was $40,560.00 (the defendant currency).

## COUNT ONE – FORFEITURE
### 21 U.S.C. § 881(a)(6)

27. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 26 above as if fully set forth herein.

28. The defendant currency was found in a vehicle that produced an affirmative

response for a controlled substance from a drug detection canine. Smith has a drug trafficking charge from December 2017 for trafficking over 25 pounds of marijuana. The defendant currency was found packaged in multiple rubber-banded bundles and wrapped in plastic. Once the defendant currency was found in his car, Smith stated that he was in Maryland to borrow money from a friend while he awaited a disability settlement. However, Smith purchased the 2018 Chevrolet Silverado two months earlier in cash. Smith was unemployed at the time of the stop.

29. Based on the foregoing, the defendant currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance, as proceeds traceable to such an exchange, and as money to be used to facilitate a violation of the Controlled Substances Act.

## *COUNT TWO – FORFEITURE*
### 18 U.S.C. § 981(a)(1)(A)

30. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 26 above as if fully set forth herein.

31. The defendant currency is proceeds of an unlawful activity involving controlled substances and was transported through the Eastern District of Missouri by Smith with the intent to promote the carrying on of, and to conceal or disguise the nature, location, source, ownership or control of, a specified unlawful activity.

32. Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, or as property traceable to such property.

## *COUNT THREE – FORFEITURE*

18 U.S.C. § 981(a)(1)(C)

33. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 26 above as if fully set forth herein.

34. The defendant currency is proceeds of an unlawful activity involving controlled substances that travelled with Smith in interstate commerce with the intent to distribute it, and otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity involving controlled substances.

35. Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(C) as property that constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952.

### *PRAYER FOR RELIEF*

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued in rem for the defendant currency and the defendant currency be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney


*/s/ Lindsay McClure-Hartman*
LINDSAY MCCLURE-HARTMAN, #66070
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102

## VERIFICATION

I, Special Agent Christopher T. Most, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint in rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Drug Enforcement Administration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____6/22/18_____
                (date)

_____[signature]_____
Christopher T. Most
Special Agent
Drug Enforcement Administration

✎JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❐ 1 U.S. Government Plaintiff
- ❐ 2 U.S. Government Defendant
- ❐ 3 Federal Question (U.S. Government Not a Party)
- ❐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❐ 1 | ❐ 1 | Incorporated or Principal Place of Business In This State | ❐ 4 | ❐ 4 |
| Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated and Principal Place of Business In Another State | ❐ 5 | ❐ 5 |
| Citizen or Subject of a Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | **PERSONAL INJURY** | **PERSONAL INJURY** |  |  |  |
| ❐ 110 Insurance | ❐ 310 Airplane | ❐ 362 Personal Injury - Med. Malpractice | ❐ 610 Agriculture | ❐ 422 Appeal 28 USC 158 | ❐ 400 State Reapportionment |
| ❐ 120 Marine | ❐ 315 Airplane Product Liability | ❐ 365 Personal Injury - Product Liability | ❐ 620 Other Food & Drug | ❐ 423 Withdrawal 28 USC 157 | ❐ 410 Antitrust |
| ❐ 130 Miller Act | ❐ 320 Assault, Libel & Slander | ❐ 368 Asbestos Personal Injury Product Liability | ❐ 625 Drug Related Seizure of Property 21 USC 881 |  | ❐ 430 Banks and Banking |
| ❐ 140 Negotiable Instrument |  |  | ❐ 630 Liquor Laws | **PROPERTY RIGHTS** | ❐ 450 Commerce |
| ❐ 150 Recovery of Overpayment & Enforcement of Judgment | ❐ 330 Federal Employers' Liability |  | ❐ 640 R.R. & Truck | ❐ 820 Copyrights | ❐ 460 Deportation |
| ❐ 151 Medicare Act | ❐ 340 Marine | **PERSONAL PROPERTY** | ❐ 650 Airline Regs. | ❐ 830 Patent | ❐ 470 Racketeer Influenced and Corrupt Organizations |
| ❐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❐ 345 Marine Product Liability | ❐ 370 Other Fraud | ❐ 660 Occupational Safety/Health | ❐ 840 Trademark | ❐ 480 Consumer Credit |
|  |  | ❐ 371 Truth in Lending | ❐ 690 Other |  | ❐ 490 Cable/Sat TV |
| ❐ 153 Recovery of Overpayment of Veteran's Benefits | ❐ 350 Motor Vehicle | ❐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ❐ 810 Selective Service |
| ❐ 160 Stockholders' Suits | ❐ 355 Motor Vehicle Product Liability | ❐ 385 Property Damage Product Liability | ❐ 710 Fair Labor Standards Act | ❐ 861 HIA (1395ff) | ❐ 850 Securities/Commodities/ Exchange |
| ❐ 190 Other Contract | ❐ 360 Other Personal Injury |  | ❐ 720 Labor/Mgmt. Relations | ❐ 862 Black Lung (923) | ❐ 875 Customer Challenge 12 USC 3410 |
| ❐ 195 Contract Product Liability |  |  | ❐ 730 Labor/Mgmt.Reporting & Disclosure Act | ❐ 863 DIWC/DIWW (405(g)) | ❐ 890 Other Statutory Actions |
| ❐ 196 Franchise |  |  |  | ❐ 864 SSID Title XVI | ❐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❐ 740 Railway Labor Act | ❐ 865 RSI (405(g)) | ❐ 892 Economic Stabilization Act |
| ❐ 210 Land Condemnation | ❐ 441 Voting | ❐ 510 Motions to Vacate Sentence | ❐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❐ 893 Environmental Matters |
| ❐ 220 Foreclosure | ❐ 442 Employment |  | ❐ 791 Empl. Ret. Inc. Security Act | ❐ 870 Taxes (U.S. Plaintiff or Defendant) | ❐ 894 Energy Allocation Act |
| ❐ 230 Rent Lease & Ejectment | ❐ 443 Housing/ Accommodations | **Habeas Corpus:** |  | ❐ 871 IRS—Third Party 26 USC 7609 | ❐ 895 Freedom of Information Act |
| ❐ 240 Torts to Land |  | ❐ 530 General |  |  |  |
| ❐ 245 Tort Product Liability | ❐ 444 Welfare | ❐ 535 Death Penalty |  |  | ❐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❐ 290 All Other Real Property | ❐ 445 Amer. w/Disabilities - Employment | ❐ 540 Mandamus & Other |  |  |  |
|  | ❐ 446 Amer. w/Disabilities - Other | ❐ 550 Civil Rights |  |  | ❐ 950 Constitutionality of State Statutes |
|  |  | ❐ 555 Prison Condition |  |  |  |
|  | ❐ 440 Other Civil Rights |  |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ❐ 1 Original Proceeding
- ❐ 2 Removed from State Court
- ❐ 3 Remanded from Appellate Court
- ❐ 4 Reinstated or Reopened
- ❐ 5 Transferred from another district (specify)
- ❐ 6 Multidistrict Litigation
- ❐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❐ Yes ❐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.             Example:        U.S. Civil Statute: 47 USC 553
                                                                                          Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

|  |  |
|---|---|
| _____ , plaintiff, | ) ) ) |
| v. | ) Case No. _____ ) |
| _____ , defendant. | ) ) ) |

# ORIGINAL FILING FORM

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

☐ THIS CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____

AND ASSIGNED TO THE HONORABLE JUDGE _____ .

☐ NEITHER THIS CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT, PREVIOUSLY HAS BEEN FILED IN THIS COURT, AND THEREFORE MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: _____

_____
Signature of Filing Party

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| FORTY THOUSAND, FIVE HUNDRED AND SIXTY DOLLARS IN U.S. CURRENCY ($40,560.00), | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**WARRANT FOR ARREST OF PROPERTY**

TO: THE UNITED STATES MARSHAL AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER FOR THE EASTERN DISTRICT OF MISSOURI

Whereas, on June 22, 2018, the United States of America filed a Verified Complaint for Civil Forfeiture in the United States District Court for the Eastern District of Missouri, against the above-named defendant property, alleging that said property is subject to seizure and civil forfeiture to the United States for the reasons mentioned in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, in these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the arrest of the defendant property; and

WHEREAS, Supplemental Rule G(3)(c) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it;

NOW THEREFORE, you are hereby commanded to arrest the above-named defendant property by serving a copy of this warrant on the custodian in whose possession, custody, or

control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court,

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

                                          GREGORY J. LINHARES, CLERK
                                          United States District Court

                By: _____
                      Deputy Clerk

                Date: _____